Karen **KURIATNYK**, Plaintiff–
Appellant,

v.

**TOWNSHIP OF BAZETTA, OHIO**
Defendant–Appellee.

No. 02–3809.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2004.

684

Diane M. Gonda, Cleveland, OH, for Plaintiff–Appellant.

Thomas J. Wilson, Wilson, Bobbie L. Flynt, Comstock, Springer & Wilson, Youngstown, OH, for Defendant–Appellee.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

## OPINION

QUIST, District Judge.

This case is before us on Plaintiff's, Karen Kuriatnyk, appeal from summary judgment entered against her and in favor of her former employer, Township of Bazetta, Ohio (the "Township"). Kuriatnyk, a police officer for the Township, had alleged that she was discriminated against because of disability, and her claim before us is that the Township unlawfully retaliated against her for her having filed a claim of discrimination against it with the Ohio Civil Rights Commission (OCRC). For the

reasons stated in this opinion, we affirm the judgment of the district court.

## I.

In 1988, Kuriatnyk began her employment as a police officer with the Township. About ten years later, Kuriatnyk was diagnosed with auto immune hypothyroidism, a thyroid condition that caused her to suffer significant fatigue. Because of the condition, Kuriatnyk's doctor recommended that Kuriatnyk reduce her workload as a police officer. Beginning March 24, 1999, the Township placed Kuriatnyk on paid sick leave. Kuriatnyk exhausted the paid sick leave benefits. In July 1999, Kuriatnyk requested an additional nine months unpaid leave of absence because of her thyroid condition and because such leave was available to Kuriatnyk based on the collective bargaining agreement between the police union and the Township. The Township granted Kuriatnyk six months unpaid sick leave of absence starting in July 1999. Thereafter, the Township granted Kuriatnyk two additional three-month unpaid leaves of absence pursuant to the Family Medical Leave Act (FMLA). Kuriatnyk's final unpaid leave extension was set to expire on July 21, 2000.[1]

Kuriatnyk had filed a grievance with the president of the police union around March 2000, seeking an extension of the July 21, 2000, deadline. That deadline was critical because if Kuriatnyk did not return to work the Township would terminate her employment. Dennis Haines, an attorney hired by the police union, handled Kuriatnyk's grievance. Also, in March 2000, Ku-

---

* The Honorable Gordon J. Quist. United States District Judge for the Western District of Michigan, sitting by designation.

1. Kuriatnyk also admitted in her deposition testimony that she sought an additional year of sick leave beyond the year permitted her by contract with the Township because based on her discussion with union attorney Dennis Haines she felt she was entitled an additional year. No evidence in the record indicates Haines represented to Kuriatnyk that she was entitled to an additional year of unpaid sick leave beyond the year stated in the police union contract with the Township.

riatnyk filed a claim of disability discrimination against the Township with the OCRC. Kuriatnyk admitted in her deposition that she filed this claim at Haines' urging so that she could "use it as leverage" to get an additional year of unpaid sick leave through July 2001. On April 29, 2000. Haines wrote Kuriatnyk informing her that the Township was prepared to settle her grievance by extending Kuriatnyk's unpaid leave a full year.[2] Kuriatnyk informed Haines that she would accept the Township's alleged extension. On May 1, 2000, Haines wrote to the Township's attorney. Mark Finamore, as follows:

> Presently, Karen Kuriatnyk is on unpaid leave until July 21, 2000. If the Trustees would grant her an unpaid leave of extension through July 21, 2001, the Union will withdraw the grievance. Karen understands and the Union acknowledges that, while on such leave, Karen will not be entitled to compensation under the collective bargaining agreement.

Haines' letter said nothing about the charge of discrimination which was on file with the OCRC.

Finamore wrote a May 12, 2000, letter to Haines as follows:

> However, as you may be aware or may not be aware, Karen Kuriatnyk filed a discrimination complaint with the Ohio Civil Rights Commission alleging discrimination on the basis of sex, disability and retaliation. The receipt of this grievance gravely angered the Police Chief and individual members of the Board of Trustees as they feel they have gone out on a limb to provide Karen with accommodations and concessions in her·job for which they were under no legal obligation to do so, including accommodations and concessions that have never been provided to any other Bazetta Township Employees.

> *    *    *    *    *    *

> Accordingly, if Karen would like to settle these issues, we would be willing to discuss it but only on the basis that any agreement that we reached would result in not only the dismissal of her current outstanding grievances, but the dismissal of her Civil Rights Violations Complaint and a complete release of the township and its officials from any and all claims she has against the township arising from her employment through the date of any extension that would be granted to her. . . .

> *    *    *    *    *    *

> If she is willing to negotiate her request for a further extension of leave on the basis of settlement of all of her claims I and the trustees would be more that [sic] willing to participant [sic] in those negotiations. However, we will never agree to a settlement on the outstanding grievances and any further extension of the current unpaid leave unless it also involves complete settlement of her discrimination claims and all other claims against the township which arise from her employment.

Kuriatnyk did not return to work until September 2000. At that time the Township terminated Kuriatnyk and gave as reason for the termination the fact that Kuriatnyk did not tender a doctor's note indicating she could return to work. This lawsuit ensued with Kuriatnyk alleging the Township unlawfully retaliated against her in violation of the ADA because she filed her disability lawsuit with the OCRC. The retaliation is alleged to be the Township's

---

2. Whether the Township was actually prepared to settle on this basis is a matter of dispute. Haines' letter of May 1, 2000, does not seem to be an acceptance of an offer by the Township. Rather, it is worded as an offer.

"withdrawal" of its offer to extend unpaid leave through July 21, 2001. The district court granted the Township's summary judgment motion, noting that Kuriatnyk's disability claim did not set forth a "protected activity" as defined under the ADA. This timely appeal ensued.

## II.

This court reviews a district court's grant of summary judgment de novo, using the same standard employed by the district court. *See Nat'l Enters., Inc. v. Smith,* 114 F.3d 561, 563 (6th Cir.1997). "Summary judgment is proper if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *City of Wyandotte v. Consol. Rail Corp.,* 262 F.3d 581, 585 (6th Cir.2001). "We consider all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *Id.*

Section 12203(a) of the ADA prohibits an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual has made a charge ... under [the ADA]." 42 U.S.C. § 12203(a). To present a prima facie case of retaliation under the ADA, a plaintiff must demonstrate that:

(1) She was engaged in a protected activity;

(2) This exercise of her civil right was known to defendant;

(3) Defendant thereafter took an employment action adverse to plaintiff; and

(4) There is a causal link between the protected activity and the adverse employment action.

*Canitia v. Yellow Freight Sys., Inc.,* 903 F.2d 1064, 1066 (6th Cir.1990).

We hold that Kuriatnyk did not suffer an adverse employment action. It is undisputed that Kuriatnyk received all of the benefits to which she was entitled under the collective bargaining agreement. *Kocsis v. Multi–Care Mgmt.,* 97 F.3d 867, 886 (6th Cir.1996). In addition, and more importantly, the Township's indication that it desired to negotiate Kuriatnyk's charge with the OCRC in addition to Kuriatnyk's union grievance or claim is not an adverse employment action. It was quite natural and consistent with competent legal practice for the Township's lawyer to try to negotiate dismissal of the OCRC charge together with any rights Kuriatnyk was asserting under the collective bargaining agreement. An employer, such as the Township, need not subject itself to repeated claims in different forums for the same alleged wrongful conduct. An employer is entitled to try to settle the entire claim no matter in which forum a charge is pending or could be brought.

For these reasons, the judgment of the district court is AFFIRMED.