NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 06a0291n.06
Filed: April 27, 2006

No. 05-3186

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GARRY E. CLARK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| CITY OF DUBLIN, OHIO, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

BEFORE: DAUGHTREY AND GILMAN, Circuit Judges; RUSSELL, District Judge[*]

RUSSELL, District Judge. Plaintiff-Appellant Garry E. Clark ("Mr. Clark")

appeals the Southern District of Ohio's decision to grant Defendant-Appellee City of Dublin,

Ohio's ("City of Dublin") Motion for Summary Judgment challenging the district court's

decision that: 1) he did not sustain claims under Title VII, the Age Discrimination in

Employment Act ("ADEA") and the Americans with Disability Act ("ADA") in his complaint;

2) he abandoned his state-law discrimination claims; and 3) he did not establish a *prima facie*

case of retaliation.

_____

[*]Honorable Thomas B. Russell, United States District Judge for the Western District of
Kentucky, sitting by designation.

**BACKGROUND**

Mr. Clark was hired by the City of Dublin in 1979 as an "Assistant Engineer" for the city. Between 1979 and 1998, Mr. Clark was promoted to "Chief Engineering Inspector." In 1993, Mr. Clark was in an automobile accident, and was subsequently diagnosed with fibromyalgia, a medical condition that can bring about depression. Mr. Clark also claims that he suffers from "MS," and has done so since his accident in 1993.

In 1998, the City of Dublin reorganized its departments. Mr. Clark's job was reclassified and his job title was changed to an "Engineering Assistant." As a result of this reclassification, Mr. Clark filed a lawsuit in state court that same year against the City of Dublin alleging a wrongful demotion. The city obtained summary judgment in that matter on March 20, 2001.

After Mr. Clark filed his lawsuit in state court, Mr. Hammersmith was hired and named Director on Engineering in January 2000. At that time he directly supervised Mr. Clark, although the Assistant City Engineer, Ms. Barbara Cox, who served below Mr. Hammersmith, supervised Mr. Clark as well. Mr. Clark's duties as an engineering assistant included reviewing residential plot plans and handling walk in customers during normal business hours. The City of Dublin expected Mr. Clark to complete a minimum of four to five plot reviews a day, and average close to 25 per week..

Beginning on February 16, 2001, Mr. Clark received his first of nine disciplinary sanctions from the City of Dublin. On that day, the City cited him with a letter of counseling because of his attendance and performance problems. A little more than two months later, on April 19, 2001, and after that on May 21, 2001, Mr. Clark received two more letters of counseling concerning his performance regarding productivity expectations. On November 2, 2001, Clark

2

received a written reprimand for his attendance. A little more than one month later on December 11, 2001, Mr. Clark received a written reprimand for not adhering to productivity expectations. About two months after that, on February 26, 2002, Mr. Clark received a written reprimand for his failure to obey supervisory direction.

All of these reprimands led to a one-day suspension on March 13, 2002, as a result of Mr. Clark's continued tardiness, low productivity, and conducting personal business on company time. Mr. Clark received his second and third suspensions, for a period of three days each, on April 15, 2003, and August 19, 2003, for deficient performance and poor attendance. The culmination of these sanctions led to the termination of Mr. Clark on August 22, 2003.

During the 19-month period during in which Mr. Clark received his nine sanctions and was ultimately terminated, he filed two OCRC claims against the City of Dublin alleging retaliation. He filed a third OCRC claim about three months after he was terminated. The first OCRC claim, filed on August 16, 2001, alleged retaliation by the City of Dublin for the state-law claim filed against the City in 1998. The second OCRC claim, filed on April 1, 2002, once again alleged retaliation by the City. His final OCRC claim against the City of Dublin for retaliation was submitted on December 1, 2003.

The District Court granted the Defendants' motion for summary judgment, determining that: Title VII was inapplicable to the claim brought by Mr. Clark for age and handicap discrimination; there was no individual liability for Mr. Hammersmith; and there was not enough evidence to sustain an ADEA or ADA claim because Mr. Clark failed to establish a prima facie case of retaliation.

3

**STANDARD OF REVIEW**

The Court reviews the district court's grant of summary judgment *de novo*, using the same standards applicable in the district court. *City Management Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 250 (6th Cir.1994). Summary judgment is proper if the evidence submitted shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This Court must view the entire record in the light most favorable to the non-moving party. *Smith v. Chrysler Corp.*, 155 F. 3d 799, 804 (6th Cir. 1998). On appeal, the Court will not generally consider new arguments that were not presented to the district court unless the failure to consider the issue will result in a miscarriage of justice. *Roush v. KFC Nat'l Management Co.*, 10 F.3d 392, 397 (6th Cir.1993).

**ANALYSIS**

As correctly determined by the District Court, Mr. Clark cannot bring age or disability discriminatory claims against the City of Dublin under Title VII, 42 U.S.C. §2000. The language of the statute does not include age or disability claims. Specifically, §2000e-2 states in pertinent part:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer -
> (1) to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges or employment because of such individual's race, color, religion, sex or national origin.

Courts have explicitly held that Title VII does not cover age or disability discrimination claims. *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 n. 4 (1982) (noting that Title VII does not cover age discrimination claims); *Williamson v. Hartmann Luggage Co.*, 34 F. Supp.2d 1056, 1063 (M.D. Tenn. 1998) (holding that Title VII does not cover disability discrimination

4

claims). The appropriate remedy for age and disability discrimination claims comes from the ADEA and ADA, respectively. Consequently, the District Court correctly determined that Title VII does not cover the age or discrimination claims brought by the Appellant.

The District Court also properly found that Mr. Clark's Motion Contra in response to the Appellees' Motion for Summary Judgment did not properly respond to the arguments asserted against his ADEA and ADA claims by the Appellees. The District Court properly granted summary judgment because the Appellant failed to meet his Rule 56 burden. In this ruling, the District Court did not err when it found that the Appellant abandoned his ADEA and ADA claims.

In looking at the discrimination claims under state law, we find that Ohio Revised Code ("ORC") Chapter 4112 prohibits employment discrimination, including that on the basis of age and disability. Ohio state and federal courts rely on cases interpreting the ADEA and ADA for guidance because of the parallels between ORC 4112 and those federal statutes. *See Bucher v. Sibcy Cline, Inc.*, 738 N.E.2d 435, 442 (Ohio Ct. App. 2000) (noting that Ohio courts examine state employment discrimination claims in accordance with federal case law); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1115 (6th Cir. 2001). *Hoffman v. Fidelity Brokerage Servs., Inc*., 959 F.Supp. 452, 457 n.1 (S.D. Ohio 1997) (concluding that case law pertaining to claims brought pursuant to the ADA applies equally to claims brought under the Ohio discrimination statute); *Columbus Civil Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569, 697 N.E.2d 204, 206-07 (1998) (stating that Ohio courts may look to federal ADA regulations and cases for guidance in interpreting the Ohio statute).

As mentioned *supra*, the District Court properly held that Mr. Clark, in his Motion Contra

response to the Appellees' Motion for Summary Judgment, did not properly respond to the Appellees' arguments because he failed to meet his Rule 56 burden; accordingly, the District Court correctly held that the Appellant has not provided any evidence to support parallel claims under ORC 4112. Though the Appellant does state a claim under the ADA for retaliation, that in itself does not warrant a claim for age or disability discrimination under ORC 4112. Consequently, the District Court correctly determined that the Appellant did not properly plead a state-law claim for age or disability discrimination.

Lastly, the District Court properly held that Mr. Clark did not establish a prima facie case for retaliation under the ADA. To establish a prima facie case for retaliation under the ADA, a party must demonstrate: (1) he engaged in a protected activity; (2) his engagement in that protected activity was known to his employer; (3) his employer, thereafter, took an adverse employment action against him; and (4) a casual link exists between his engagement in the protected activity and the adverse employment action. *Kuriatnyk v. Township of Bazetta, Ohio*, 93 Fed. Appx. 683, 686 (6th Cir. 2004); *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (applying the same standard under Title VII).

Although conceding the first three elements to the Appellant for the prima facie case, the District Court correctly determined that the last element of the test was not met by the Appellant. In terms of the time frame of the reprimands and filings with the OCRC, the Appellant has only offered one instance to show retaliation, based on his August 16, 2001 complaint with the OCRC. Following his complaint on August 16, 2001, the Appellant received three reprimands from the Appellees within a six month period. The District Court properly held that the Appellant has offered no evidence to demonstrate that the three reprimands in anyway relate to

6

the retaliation, especially in light of the fact that the Appellant had been cited for such matters prior to the complaint. We conclude that the District Court correctly determined that the Appellant did not establish a prima facie case for retaliation.

## CONCLUSION

For the reasons set out above, we **AFFIRM** the judgment of the district court.